UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In Re: Paul S. Ciarcia, and Lisa A. Ciarcia

(Debtors)

Movant: Amy Ciarcia

v.

Paul S. Ciarcia, Respondent

Case No: 16-21698

Chapter: 13

Date: April 11, 2017

MOTION TO DISMISS CHAPTER 13 CASE, AS IT APPLIES TO DEBTOR, PAUL S. CIARCIA.

Amy Ciarcia, having interest in this case, hereby moves this court to dismiss the chapter 13 case as it applies to the debtor, Paul S. Ciarcia. Together with this motion Amy Ciarcia is also filing an alternative motion for relief from stay.

In general the right of bankruptcy relief and its underlying protection applies to honest debtors who, in order to take the advantage of the bankruptcy protection and the right to the eventual discharge of their debts, are under a duty to be totally truthful and honest with the court and with their creditors. Mr. Paul S. Ciarcia is inherently dishonest, since he failed to list several creditors, including Amy Ciarcia, in his petition, and a financial institution, namely Bayview Loan Servicing, LLC, and several other creditors whom he owes money.

There is an existing civil action now pending in the Superior Court in New Britain, having a docket number CV 17 5018369, and being known as Amy Ciarcia v. Paul Ciarcia, Bayview Loan Servicing, LLC, et al. In accordance with this motion Amy Ciarcia represents to this court as follows:

1. Paul Ciarcia, the debtor here, and Amy Ciarcia, were the fifty/fifty (50%) owners in Ciarcia Family, LLC.

2. Since 2001 Ciarcia Family, LLC. owns real property located at 804 Stanley Street, New Britain, Connecticut. Paul Ciarcia, besides having rent paying tenants there, also ran an automotive business out of that property under the name of Pauls Automotive, LLC.

3. On September 27, 2005 Ciarcia Family, LLC, and Amy Ciarcia and Paul Ciarcia, as personal guarantors, executed a note and a mortgage on the property.

4. Since that date Paul Ciarcia kept all the rents and profits out of the property to himself and failed to account to Amy Ciarcia. He also paid the mortgage, but only for a while, and then he stopped payments on the mortgage.

5. Unknown to Amy Ciarcia, the original co-borrower on the mortgage loan, Paul Ciarcia has forged her signature on several, at least three mortgage modifications, and each such mortgage modification increased the amount of debt by the unpaid mortgage amount, real estate taxes, and attorneys' fees.

6. The State of Connecticut Department of Motor Vehicles suspended the repairman license of Pauls Automotive LLC, and he voluntarily relinquished his interest in the limited liability partnership to Amy Ciarcia.

7. In August of 2016 Paul Ciarcia, in the presence of a notary public and the required witnesses assigned his interest in the Ciarcia Family, LLC. to Amy Ciarcia. This interest was essentially worthless, but it enabled me to take control over the property and hire new tenants, and begin a new business there.

8. I found out about Paul Ciarcia bankruptcy petition on Friday, April 5, 2017.

9. However, I also begun a civil lawsuit against Paul Ciarcia, Bayview Loan Servicing, LLC, the bank or the financial company, and Ciarcia Family, LLC, for accounting. The civil law suit claims fraud, forgery, statutory theft and a clear case of collusion by the bank, since the bank did not comply with the real estate laws and statutes requiring that signatures on any real estate conveyances, which a mortgage modification is, be witnessed by at least two witnesses and notarized.

10. I do not expect any money from Paul Ciarcia, since he is financially finished and morally corrupt. I am focusing my efforts against the bank, the Bayview Loan Servicing for its negligence and possible collusion in those mortgage modifications, where my signatures were forged, and the mortgage loan was increased by thousands of dollars.

11. Paul Ciarcia filed a fraudulent bankruptcy petition since he:

a. Did not list Amy Ciarcia as a creditor;
b. Did not list Bayview Loan Servicing as a creditor, and he is still liable on that loan and forged mortgages, as modified;
c. He is dishonestly listing his income on the petition;
f. He does not work for wages, and he never did in the past;
g. And there are there are probably many other claimants against Paul Ciarcia, whom he has not listed.

12. It ought to be clear to this court that Paul S. Ciarcia should not be a debtor and enjoy the protection of the bankruptcy laws; he misrepresented that he does not have regular income from wages, and he intentionally misrepresented his income in his petition, and he misrepresented his assets claiming, for example, interest in the Ciarcia Family, LLC, which interest he conveyed to Amy Ciarcia in August of 2016, and he also misrepresents that he operates Pauls Automotive, LLC, whereas such business is suspended by the State of Connecticut Department of Motor Vehicles.

13. Clearly Paul Ciarcia is not qualified to be a debtor under chapter 13, or any chapter. He is dishonest and comes to this court with a dishonest purpose.

14. An alternative, a motion for relief of stay is being filed, together with this motion.

Date: April 11, 2017

*Amy Ciarcia*
Amy Ciarcia, representing herself

Amy Ciarcia
110 Cobey Road, Rocky Hill, CT 06067
Tel: 860-471-4501
Email: michaelciarcia@aol.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In Re: Paul S. Ciarcia, and Lisa A. Ciarcia          Case No: 16-21698

(Debtors)                                             Chapter: 13

Movant: Amy Ciarcia

v.

Paul S. Ciarcia, Respondent                          Date: 4/10, 2017

ORDER DISMISSING THE CASE UDER CHAPTER 13.

Amy Ciarica, the "Movant", having filed a Motion to Dismiss Case (the "Motion") in accordance with [11 U.S.C. §1307(c) / 11 U.S.C. §1307(e)], ECF. No. xxxx, after notice and a hearing, see 11 U.S.C. § 102(1), and in compliance with the Court's Contested Matter Procedure it is, and it appearing that the relief sought in the Motion should be granted, it is

Hereby
ORDERED that case, as it applies to the debtor Paul S. Ciarcia, is DISMISSED without Prejudice.

_____
US Bankruptcy Judge
US Bankruptcy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In Re: Paul S. Ciarcia, and Lisa A. Ciarcia                    Case No. 16-21698

(Debtors)                                                      Chapter: 13

Movant: Amy Ciarcia

v.

Paul S. Ciarcia, Respondent                                    Date: 4/10 ,2017

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002, and 7004, the undersigned certifies that on the day of 10th of April, 2017, the following documents were served on the U.S. Trustee and all appearing parties via email and by first class mail on the parties listed below:

**1. Documents Served:**
Appearance of Amy Ciarcia,
Motion for Relief from Stay,
Order in re motion for relief from stay,
Motion to dismiss the Chapter 13 case, as it applies to the debtor, Paul S. Ciarcia
Order dismissing the case
Notice

**2. Parties Served Via First Class Mail: (Complete Address Must Be Listed)**

Paul S. Ciarcia, and
Lisa A. Ciarcia
632 High Road
Berlin, CT 06037

U.S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Clerk Office, U.S. Bankruptcy Court
450 Main Street, 7th Floor
Hartford, CT 06103

**3. Parties served via electronic means, email:**

**Molly T. Whiton, Chapter 13 Trustee**

10 Columbus Boulevard
Hartford, CT 06106

Via email: mtwhiton@mtwhiton.com

R. Richard Croce, Esq.
438 Main Street, Suite 202
Middletown, CT 06457

Via email: rich@rrc-llc.com

Date:  April 10, 2017

*Amy Ciarcia*
Amy Ciarcia, representing herself

Amy Ciarcia
110 Cobey Road, Rocky Hill, CT 06067
Tel: 860-471-7501
Email: michaelciarcia@aol.com